IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLARENCE DeJUAN ANDERSON**                                                **PETITIONER**

**V.**                                                **CIVIL ACTION NO. 1:17CV284 LG-LRA**

**LEPHER JENKINS**                                                **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Clarence Anderson seeks federal habeas relief under 28 U.S.C. § 2254. After a review of the entire record and all the applicable law, the undersigned recommends that his petition be dismissed with prejudice.

**Factual and Procedural Background**

In 2013, Anderson was convicted in the Circuit Court of Harrison County, Mississippi, of possession of a controlled substance with the intent to distribute (Count I), and of being a felon in possession of a firearm (Count II). He was sentenced as a habitual offender to serve a 35-year term of imprisonment on Count I and a 10-year term on Count II, to run concurrently without parole in the custody of the Mississippi Department of Corrections ("MDOC"). The relevant facts are described in the state court's opinion as follows:

> On March 9, 2012, Agent Brian Sullivan, of the Mississippi Bureau of Narcotics and the Drug Enforcement Administration, received a call from a confidential informant. The informant told Agent Sullivan that while she was at a house with several individuals located at 828 26th ½ Street, Gulfport, Mississippi, she observed approximately six ounces of cocaine on a table. Agent Sullivan obtained a search warrant for the house.

Agents executed the warrant and found Anderson, a woman, and a young child inside. The agents also discovered three firearms, cocaine, and a large quantity of cash stacked on the kitchen counter.[1] The agents brought Anderson into an empty bedroom adjacent to the living room, and read him his *Miranda* rights in order to question him. While speaking to Anderson, Agent Sullivan discovered crack cocaine on a shelf in the bedroom closet. It was later tested and determined to be 6.1 grams of cocaine base. Agent Adam Gibbons testified that Anderson wished to cooperate. In doing so, Anderson told the agents that he had received approximately a quarter kilogram of cocaine earlier in the day and was able to sell all of it except for the amount that was discovered in the closet. Anderson also told the agents that he was awaiting a delivery of $9,500 worth of cocaine that he had ordered from his source, Demarcus Clark a/k/a Tutu. Anderson told Agent Sullivan that the cash on the kitchen counter was proceeds from the narcotics that he had sold that day. Anderson further cooperated by riding around the area with agents showing them places where drug activities were taking place.

Agent Sullivan testified that Anderson listed 828 26th ½ Street as his address when he was booked. However, Anderson took the stand at trial and testified that he did not list that as his address, nor had he ever resided there. Anderson testified that he was living at 416 Westbury Lane in Gulfport at the time of his arrest. Anderson claimed that the house at 828 26th ½ Street belonged to an individual named Chelsea Daily, and he was babysitting there while she was at work the day of his arrest. Anderson testified that his car was being repaired, and he was dropped off there. He testified that he was unaware of any firearms or drugs in the house. He also testified that he was unaware of any "type of criminal activity" occurring at the house.

Anderson claimed the cash was from a tax-refund check that he had cashed. Anderson testified that he lied to agents about Tutu just to tell them something because they had asked about an individual named Tutu. However, on cross-examination Anderson admitted that he was "probably" going to meet Tutu later that day because he had given him $9,500. Anderson then testified that he was not "distributing" drugs; rather, he was "just a middleman."

---

[1] More precisely, the agents testified that the cocaine was found in an empty bedroom near the front of the home, and that the firearms were all found in the master bedroom which appeared to be Anderson's bedroom. The money was found on the counter. ECF No. 7-2, pp. 24-26.

2

>The jury found Anderson guilty on both counts, and the trial court sentenced him to thirty-five years without the possibility of parole on count one, possession of cocaine with intent, and ten years without the possibility of parole on count two, unlawful possession of a firearm by a convicted felon, with the sentences to run concurrently. Anderson filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. The trial court denied Anderson's motion.

*Anderson v. State*, 195 So. 3d 835, 837–38 (Miss. Ct. App. 2016)

Aggrieved, he appealed and raised the following issues: "(1) whether the trial court erred by admitting the two firearms discovered at the home, which were not identified in the indictment; (2) whether he received ineffective assistance of counsel; and (3) whether the trial court erred by refusing a requested instruction for the lesser-included offense of simple possession." *Id.* at 838. The Mississippi Court of Appeals affirmed the conviction and sentence on January 12, 2016. Subsequent petitions for rehearing and writ of certiorari were thereafter denied.

Anderson then filed a *pro se* application for state habeas relief in which he argued: (1) that he had been irreparably prejudiced by evidence presented of his possession of firearms not charged in the indictment; (2) ineffective assistance of counsel; (3) the circuit court's denial of a requested jury instruction was error; (4) the State's alleged failure to prove its case beyond a reasonable doubt; and (5) ineffective assistance of appellate counsel.[2] The Mississippi Supreme Court found that the ineffective assistance of counsel claims failed to meet both prongs of *Strickland v. Washington,* 466 U.S. 668 (1984), and that all other issues were barred by res judicata.

---

[2] ECF No. 7-7, p. 8.

Anderson now brings the instant petition asserting as grounds for relief the same issues that were raised and exhausted on direct appeal and post-conviction review:

1. Whether the petitioner was irreparably prejudiced by the evidence of possession of firearms not charged in the indictment.

2. Whether the petitioner received ineffective assistance of counsel.

3. Whether the trial court erred in refusing a requested instruction for the lesser included offense of simple possession.

## Discussion

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(d)(1), this Court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable

4

facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685 694 (2002). The state court's decision must be objectively unreasonable, not merely erroneous or incorrect. *Wood v. Allen*, 558 U.S. 290, 301 (2010).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Morales v. Thaler*, 714 F.3d 295, 301 (5th Cir. 2013). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002); *Jasper v. Thaler*, 466 F. App'x 429, 435 (5th Cir. 2012). Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S. C. § 2254 (e)(1).

## Ground One:  Evidentiary Ruling

In ground one, Anderson contends that he is entitled to habeas relief because the trial court erred in admitting all the firearms that were found in his possession into evidence at trial. Though three firearms were discovered during the search of the home, only the Smith & Wesson 9mm handgun was listed in the indictment. The admission of the other firearms, Anderson argues, was not only irrelevant but "irreparably prejudice[ial]," its sole purpose being to make him appear to be dangerous to the jury.

According to Anderson, the admission of the other firearms was also clearly erroneous, because they constituted "other crimes, wrongs, or act[s]" under Miss. R. Evid. 404(b).[3]

In its rejection of this claim on direct appeal, the Mississippi Court of Appeals noted that while the additional firearms "were not needed to prove unlawful possession of a firearm in count two of the indictment because the prosecution had offered the Smith & Wesson 9mm handgun for that purpose," they were "certainly relevant to Anderson's intent to distribute cocaine as charged in count one of the indictment." *Anderson*, 195 So. 3d at 839. In the absence of direct evidence, the possession of drugs, large amounts of money, and firearms are all "consistent with the distribution of drugs" and relevant to proving intent to distribute under state law. *Jenkins v. State*, 757 So. 2d 1005, 1010 (Miss. Ct. App. 1999). The court also rejected Anderson's claim that the admission of the other firearms was improper because they constituted other crimes, wrongs, or acts under Miss. R. Evid. 404(b). Because "[t]he possession and discovery of the other two firearms were so interrelated to the charged crime of possession with intent to distribute cocaine that these events constituted a single transaction or occurrence," they were admissible under Miss. R. Evid. 404(b). *Anderson*, 195 So. 3d at 839–40.

---

[3] Rule 404(b) of the Mississippi Rules of Evidence provides as follows:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

6

Mississippi appellate courts are "free to police their own evidentiary rules." *Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993). "We do not sit as a 'super' state supreme court." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986). For purposes of federal review, "[a] state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). To merit relief, Anderson must show that the admission of the other two firearms "had a substantial and injurious effect" on the jury's verdict. "This is a high hurdle, even without AEDPA's added level of deference," and it is one Anderson fails to meet. *Gonzales v. Thaler*, 643 F.3d 425, 430–31 (5th Cir. 2011). As the appeals court noted, "the two other firearms were found in the same master bedroom, and at the same time, as the Smith & Wesson 9mm handgun during the execution of the search warrant." *Anderson*, 195 So. 3d at 839. Contrary to what Anderson argues, the jury also heard evidence independent of the other firearms to support a guilty finding on the distribution charge— the drugs and money found in his possession, and the admissions he made both during his arrest and on cross-examination as discussed below. The state court's rejection of this claim was not contrary to or an unreasonable application of federal law. No relief is warranted on this claim.

### Ground Two: Ineffective Assistance of Counsel

In ground two, Anderson claims that his counsel was constitutionally ineffective for failing to conduct a reasonable investigation, and for failing to stipulate or object to the admission of his prior felony conviction. These arguments were considered and

7

rejected on direct appeal and post-conviction review. The undersigned finds no unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 688 (1984) or its progeny in this determination.

To establish a claim for ineffective assistance of counsel, a petitioner must show (1) "counsel's representation 'fell below an objective standard of reasonableness,'" and (2) "but for his counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008) (quoting *Strickland*, 466 U.S. at 688, 694). It is not enough to establish a deficiency and resulting prejudice. *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). To warrant habeas relief, Anderson must demonstrate that the Mississippi Supreme Court's adjudication of his ineffective assistance of counsel claims was an unreasonable application of *Strickland*. Under the limited scope of AEDPA review, even if this Court found the Mississippi Supreme Court's application of *Strickland* was incorrect, we could not recommend granting habeas relief unless we found that court's application of *Strickland* to be objectively unreasonable or an actual misapplication of the law. "[S]urmounting *Strickland*'s high bar is never an easy task and [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Vasquez v. Thaler*, 505 F. App'x 319, 326 (5th Cir. 2013) (quoting *Premo v. Moore*, 562 U.S. 115, 122 (2011) (internal quotation marks and citations omitted)).

As his first ineffective assistance of counsel claim, Anderson alleges that counsel was deficient for failing to conduct a reasonable investigation into the ownership of the

8

home where the evidence was seized. Had counsel done so, Anderson claims that the investigation "would have revealed that the residence in which the 6.1 grams of crack cocaine was found by DEA and MBN agents . . . did not belong to [him]").[4] He also claims that the search warrant was executed even though his identity was unknown at the time.[5]

Anderson's arguments notwithstanding, the record reflects that counsel raised the residency issue during his cross-examinations of the agents, questioning both the thoroughness of their investigation and the sufficiency of the search warrant. He also raised the issue in his closing argument. In addition to counsel's efforts, the jury heard Anderson's testimony that he did not own the home and had no knowledge of the drugs and firearms that were found there.

Even if counsel's actions fell below an objective standard of reasonableness, a claim of ineffective assistance of counsel does not succeed on deficiency of counsel alone. Petitioner must also prove that he was prejudiced, and that but for counsel's error, the proceedings would have been different. *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019). In other words, Anderson "must show that every reasonable jurist would conclude that it is reasonably likely that [he] would have fared better at trial had his

---

[4] ECF No. 2, p. 17.

[5] Anderson also claims that counsel was ineffective for moving to dismiss the indictment and for failing to file a motion to suppress the drugs seized, neither of which appear to have been exhausted in state court.

counsel conducted a sufficient pretrial investigation." *Id.* at 684.  No such showing has been made here.

Though Anderson makes much of the fact that he did not own the home where the drugs and firearms were seized, this does not exculpate him.  The jury could have reasonably accepted his claim that he did not own the home while still crediting the agents' testimony that he admitted to living there with his girlfriend and child.  Given the location and proximity of the evidence seized, and Anderson's initial admissions to police, the jury could have also reasonably inferred that his subsequent denials at trial were not credible.  Conflicts in evidence are for the jury to resolve, and we must "respect the ability of the fact-finder to evaluate the credibility of the witnesses." *Jackson v. Mississippi Dep't of Corr.*, 359 F. App'x 499, 502 (5th Cir. 2010) (quoting *Knox v. Butler*, 884 F.2d 849, 851 (5th Cir. 1989), *as amended on denial of reh'g* (Nov. 21, 1989)).  The jury's credibility determination, inferences, and reasonable construction of the evidence are entitled to great deference.  That the Mississippi Supreme Court found this ineffective-assistance-of-counsel claim to be without merit on post-conviction review was not an unreasonable application of or contrary to *Strickland*.

Anderson's remaining ineffective-assistance-of-counsel claims concern the admission of his 2006 prior felony conviction for possession of a controlled substance with the intent to distribute.  The first claim—that counsel was ineffective for failing to stipulate to his prior conviction— was found to be wholly without merit on direct appeal because neither *Strickland* prong was met.  The court explained that a "stipulation that Anderson was a felon would have been futile because the prosecution also offered that

prior conviction for the purpose of proving intent in relation to the possession with intent to distribute cocaine in count one." *Anderson*, 195 So. 3d at 840. The "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007). *See also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). Anderson fails to show a basis to overcome the state court's rejection of this claim.

Anderson also asserts that counsel was constitutionally deficient in failing to object to the admission of his prior conviction as evidence of intent to distribute cocaine. However, Anderson fails to show that, even if an objection had been made, the court would have granted it or that the outcome of trial would have been different. The state court explicitly found that the probative value of his prior drug conviction, which was accompanied by a proper limiting instruction, established intent with respect to the present charge, outweighing any resulting prejudice under Miss. R. Evid. 404(b). *Anderson*, 195 So. 3d at 841 (citing *Swington v. State*, 742 So. 2d 1106, 1112 (Miss. 1999) (Miss.1999)). Nothing in this record suggests the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 786-87 (2011). Simply put, there is no basis to infer that the result of trial would have been different had counsel objected to the admission of his prior conviction.

In sum, Anderson has not shown that the state courts' denials of his ineffective assistance of counsel claims were contrary to, or involved an unreasonable application of,

11

clearly established federal law as determined by the United States Supreme Court. Nor has he shown that the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. It is his failure to meet these burdens that precludes habeas relief.

## Ground Three:  Jury Instruction

As his final ground for relief, Anderson argues that the trial court erred by refusing to give a jury instruction on the lesser-included offense of simple possession of cocaine. Under Mississippi law, possession of a controlled substance is a lesser-included offense of possession of a controlled substance with intent to transfer or distribute. *Torrey v. State*, 816 So. 2d 452, 454 (Miss. Ct. App. 2002). "[A] trial court should refuse a proposed lesser-included instruction when the evidence presented could *only* justify a conviction of the principal charge." *Anderson*, 195 So.3d at 841(emphasis added) (citation omitted).

Whether the trial court erred in refusing to grant a lesser-included offense instruction on simple possession under state law here is not for this court to resolve. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Notwithstanding, the evidence in this case was sufficient to support the jury's verdict that Anderson was guilty of possession of a controlled substance with the intent to distribute. The appellate court pointed to the following incriminating testimony:

Q: Did you admit to Agent Sullivan that you actually fronted money to Tutu and he was on his way to the house with more cocaine for you?
A: He was asking me again - -
Q: That's a yes or no. Did you tell Agent Sullivan, I gave money to Tutu?
A: Yes, I did.
Q: With cocaine for me?
A: No, not for me, but cocaine was on the way.
Q: To the very house where you were?
A: No, ma'am.
Q: Where was Tutu going with the cocaine?
A: Probably his daddy house. You know, I probably would meet him down there. But it wasn't coming there, not to that address.
Q: So you were going to meet Tutu somewhere?
A: Probably, yes.
Q: Is that because the kids were in the house?
A: No. It just because, okay, if you give somebody 9500 for 11 ounces, okay, I gave it to him for 11 ounces, they come get it, and they gone. I'm not distributing. I'm just a middleman.
Q: You're just the middleman?
A: Yeah.
Q: So it sounds like even though we're not agreeing on some things –
A: Yes, ma'am.
Q: -- we can agree on a couple of things?
A: Yes, ma'am.
Q: Okay. So what we can agree on, Mr. Anderson, is that on March the 9th, 2012, you were at this house on 26th ½ Street?
A: Yes, I was.
Q: Okay. And you had given money to Tutu, and he was coming with drugs for you? Y'all were going to meet somewhere?
A: Yes, ma'am.
Q: And that you don't really consider yourself the dealer because you're just the middleman?
A: Yes, ma'am.
Q: So who are you the middleman between, Tutu and who? Who's the guy on the other end?
A: Just various people, you know. They'll come to me and call, and they'll ask me to get them this and get them that. They give me their money, I can do it. That's all.[6]

---

[6] ECF No. 7-3, pp. 130-131.

Given this incriminating testimony, Anderson has presented nothing in his habeas petition to overcome the deference afforded the state court's decision that he was not entitled to a lesser-included offense instruction. The state court's determination of this claim was not in conflict with clearly established federal law, nor was it based on an unreasonable application of the facts in light of the evidence. No relief is warranted on this claim.

For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that this habeas petition should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on October 19, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
